UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**WILLIAM JOSEPH MADDEN**                                                                   **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 1:16CV-P147-GNS**

**TODD B. CALVERT**                                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights action brought by convicted prisoner William Joseph Madden pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the 42 U.S.C. § 1985 claim. All other claims will proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff names one Defendant in this action, Todd B. Calvert, who Plaintiff identifies as the Circuit Court Clerk for Allen County. Plaintiff sues Defendant Calvert in his individual capacity. He seeks monetary and punitive damages.

Plaintiff states that he appeared at a preliminary hearing on November 24, 2014. According to Plaintiff, in response to a question asked by the judge, he "made an incriminating statement." Plaintiff states that on February 10, 2015, at the "grand jury proceedings in this case, the circuit court prosecutor, Clint G. Willis ('Willis'), was informed by the complaining witness of the incriminating statement [Plaintiff] made in district court." Plaintiff states that because he made the incriminating statement "in answer to a question from the judge, Willis would be unable to use it as evidence against [him] at trial." According to Plaintiff, on February 16, 2016,

Willis mailed Plaintiff "a copy of the hearing on DVD and upon review, [Plaintiff] discovered that the video had been edited to remove the question described above."

Plaintiff represents that he has "made the Allen County Circuit Court aware of [his] allegations of the video being altered and [he has] requested a certified copy of the hearing but [he has] been unable to obtain an original copy at this time." Further, Plaintiff states that Defendant is the "custodian of records for the courts in Allen County" and that it is Defendant's "responsibility to uphold the integrity of his office by ensuring the court records remain true, accurate, and unaltered."

As to the claims he is asserting in this action, Plaintiff states as follows:

> Pursuant to 42 U.S.C. § 1985(2), I claim there was a conspiracy between [Defendant] and Willis for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice, with the intent to deny me the equal protections of the laws, by unlawfully falsifying the court record of my Preliminary Hearing with the intent that the falsified video be presented as evidence against me, in violation of my Fifth and Fourteenth Amendment rights. [Defendant] acted with Callous indifference to my federal equal protection and due process rights when he edited the court video record. By unlawfully altering the court record, [Defendant] violated my Fourteenth Amendment equal protection rights, substantive due process, and procedural due process. [Defendant] also committed official misconduct, abuse of authority, abuse of process, and fraud. [Defendant's] action of editing the court video record was outside the scope of his jurisdiction. Illegally altering the court record is not a judicial function.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. 42 U.S.C. § 1985 Claim

Plaintiff asserts a claim under 42 U.S.C. § 1985(2) which states as follows:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

42 U.S.C.A. § 1985(2). There are two clauses to subsection (2). The first clause addresses intimidation of parties and witnesses in federal court proceedings which does not appear to be applicable to this case since Plaintiff fails to make any allegation about a federal proceeding. The second clause prohibits "two or more persons [from] conspir[ing]" to interfere with state judicial proceedings "with the intent to deny any citizen the equal protection of the laws." This clause requires a class-based animus. *Miller v. Dowagiac Police Dep't*, No. 96-2141, 1997 WL 640127, at *5 (6th Cir. 1997). This language requires that there be "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Alexander v. Rosen*, 804 F.3d 1203, 1207-08 (6th Cir. 2015) *cert. denied*, 136 S. Ct. 2392 (2016) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Plaintiff offers no factual allegations suggesting that Defendant was motivated by invidious discrimination. Accordingly, his claim under § 1985(2) fails.

Further, Plaintiff's allegations as to a conspiracy are too conclusory to state a claim. A plaintiff fails to state an adequate claim if his or her allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff must make sufficient factual allegations to link the alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *Coker v. Summit Cty. Sheriff's Dep't*, 90 F. App'x. 782, 789 (6th Cir. 2003). Here, Plaintiff included "only conclusory allegations that the Defendants acted in concert and did not allege that an agreement between two or more persons existed to discriminate against [him] based on [his] membership in a constitutionally protected class," such as race. *Schenker v. Cty. of Tuscarawas*, No. 5:12 CV 1020, 2012 WL 4061223, at *14 (N.D. Ohio Sept. 14, 2012). For this reason also, his § 1985(2) conspiracy claim must be dismissed. *See Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (noting that "'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *Brooks v. Am. Broad. Cos., Inc.*, 932 F.2d 495, 499 (6th Cir. 1991) (finding that the § 1985 claim failed because "the allegations were too vague and conclusory"); *Azar v. Conley*, 456 F.2d 1382, 1384 (6th Cir. 1972) ("In order to state a claim for relief under 42 U.S.C. § 1985, there must be specific allegations showing the existence of a conspiracy. General and conclusory allegations of conspiracy are not sufficient."); *Hayes v. Allstate Ins. Co.*, 95 F. Supp. 2d 832, 836 (W.D. Tenn. May 8, 2000) ("Even where conspiracy is alleged, a § 1985 claim must nevertheless be dismissed if material facts in the pleadings fail to support a conclusory claim of conspiracy.").

Accordingly, Plaintiff's § 1985 conspiracy claim fails to state a claim and will be dismissed.

### B. Due Process and Equal Protection Claims

Plaintiff alleges that Defendant altered the video record of his preliminary hearing "with the intent that the falsified video be presented as evidence against" him in violation of the due process and equal protection clauses of the Fourteenth Amendment

Upon consideration, the Court will allow the due process and equal protection claims to proceed against Defendant in his individual capacity.

### C. State-Law Claims

In his complaint Plaintiff alleges that Defendant "also committed official misconduct, abuse of authority, abuse of process, and fraud." Upon consideration, the Court will allow the state-law claims to proceed.

### IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the 42 U.S.C. § 1985(2) claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the following claims shall proceed:

(1) the Fourteenth Amendment due process claim:

(2) the Fourteenth Amendment equal protection claim; and

(3) the state-law claims for official misconduct, abuse of authority, abuse of process, and fraud.

The Court will enter a separate Scheduling Order and Order Directing Service governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: January 24, 2017

                                        **Greg N. Stivers, Judge**
                                        **United States District Court**

cc: Plaintiff, *pro se*
      Defendant
4416.003