UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00147-GNS

WILLIAM JOSEPH MADDEN                                                         PLAINTIFF

VS.

TODD B. CALVERT                                                               DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

Plaintiff William Joseph Madden, proceeding *pro se*, has filed five motions to compel discovery (DN 23, 28, 36, 43, 46), a motion to compel Defendant to comply with Paragraph 5 of the scheduling order[1] (DN 40, 48), and a motion for sanctions (DN 46). Defendant Todd B. Calvert has responded to each motion (DN 25, 30, 38, 45, 56). Additionally, Calvert has filed a certification with regard to his responses to written discovery propounded by Madden (DN 42). Madden has filed replies in support of his motions (DN 31, 44, 49, 62). This matter is ripe for ruling.

### BACKGROUND

This is a *pro se* civil rights action brought by Madden pursuant to 42 U.S.C. § 1983 (DN 1). The named Defendant, Calvert, is the Circuit Court Clerk for Allen County, Kentucky (Id.). On November 24, 2014, the Allen County District Court conducted a preliminary hearing on criminal charges brought against Madden (DN 1, 55). Madden apparently elected to proceed *pro se* during the preliminary hearing (Id.). Madden alleges that District Judge, Martha B. Harrison,

---

[1] In pertinent part, Paragraph 5 reads: "[a]s a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation relevant to the claims set forth in the complaint that have survived initial review" (DN 9 PageID # 42).

1

interrupted his examination of the complaining witness, Allen County Deputy Jailer Nick Pierce, and announced that his line of questioning was irrelevant (DN 55 PageID # 288). Madden asserts that Judge Harrison then asked if Madden had committed the charged offense of criminal mischief (Id. PageID # 289). Madden alleges that he made an incriminating statement in response to Judge Harrison's question (Id.). Madden indicates that the Allen County District Court made a video recording of the preliminary hearing (Id.).

Madden claims that on February 16, 2016, the Commonwealth's Attorney announced his intention to use the video recording of Madden's incriminating statement as evidence in the criminal case (Id.). He alleges that the Commonwealth Attorney and the Allen County Circuit Court Clerk's Office provided him with altered copies of the video recording (Id.). Madden claims that the copies were altered because Judge Harrison's question and the time stamp/counter customarily set forth on court video transcripts are absent (Id.). Madden contends this alteration of the video record is significant (DN 1, 55). He asserts "[b]ecause the incriminating statement was made in answer to a question from the judge, [the prosecutor] would be unable to use it as evidence against me at a trial" (DN 1 PageID # 4).

Madden accuses Calvert of altering the original video of the preliminary hearing because he is the custodian of court records in Allen County (DN 1, 55). He suspects that Calvert removed Judge Harrison's question so his incriminating statement would be admissible evidence in the criminal prosecution (Id.). Madden accuses Calvert of deleting the time stamp/counter from the video transcript to conceal a gap created by removing Judge Harrison's question (Id.).

As a result of the District Judge's initial review, Madden's conspiracy claim under 42 U.S.C. § 1985 has been dismissed (DN 7 PageID # 39). The District Judge has allowed the following claims to proceed: the Fourteenth Amendment due process claim against Calvert in his

individual capacity; the Fourteenth Amendment equal protection claim against Calvert in his individual capacity; and the state-law claims for official misconduct, abuse of authority, abuse of process, and fraud (Id.).

This discovery dispute arises out of Madden's attempts to obtain a certified copy of the original video transcript of the preliminary hearing on November 24, 2014 and information/documentation indicating when copies were made, who received the copies, and why the DVD copies provided to Madden (in the criminal matter and this civil action) do not have a time stamp/counter customarily set forth on court video transcripts. Madden also wants Calvert to provide answers under oath to his first set of interrogatories as required by Fed. R. Civ. P. 33(b)(3). Additionally, Madden wants Calvert to comply with the certification requirement in Paragraph 5 of the scheduling order.

Calvert, in compliance with Paragraph 5 of the scheduling order, has certified to the Court that he has produced on DVD an accurate copy of the original video transcript and all documentation in his possession that is relevant to Madden's claims, including the Circuit Court Clerk Conduct Commission's investigation of Madden's complaint to the Commission. Calvert asserts that he has not produced a copy of the video transcript for all matters before the District Court on November 24, 2014, because the other proceedings are not relevant to Madden's claims. Calvert contends that his answers to Madden's first set of interrogatories are signed, as required by Fed. R. Civ. P. 33(b). Calvert asserts that he has answered Madden's interrogatories in a truthful manner and to the best of his knowledge or the information available to him. Further, Calvert indicates that he has advised Madden that no documentation exists pertaining to who requested and received copies of the video transcript apparently because copies were only provided to counsel in the criminal matter and possibly the judge who presided over the

preliminary hearing. Additionally, Calvert indicates that he has no knowledge or information explaining why the time stamp/counter is absent from the original video transcript.

DISCUSSION

The scope of discovery in civil proceedings is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Thus, the Court must consider whether the information/material sought is relevant to the claims and defenses, and proportional to the needs of the case.

A copy of the video transcript for all proceedings heard by the Allen District Court on November 24, 2014, is not relevant to the claims and defenses raised by the parties in this action. Only the video transcript of Madden's preliminary hearing is relevant to the present claims and defenses. Further, Rule 34 of the Federal Rules of Civil Procedure does not impose on Calvert a duty to certify or authenticate the materials he produces in response to Madden's requests for production of documents. However, requests for admissions pursuant to Rule 36(a)(1)(B) may be used to authenticate materials. Additionally, in compliance with Paragraph 5 of the scheduling order Calvert certified that he has produced the video record of the preliminary hearing on November 24, 2014 and all relevant documentation in his possession, including materials related to the Circuit Court Clerk Conduct Commission's investigation of Madden's complaint to the Commission (DN 42). In sum, Calvert has fully responded to Madden's document requests.

After considering the arguments of the parties, the disputed answers to Madden's interrogatories, and Calvert's certification in compliance with Paragraph 5 of the scheduling order, the Court concludes that Calvert has for the most part complied with is duty under Fed. R. Civ. P. 33(b). He answered the interrogatories at issue in a truthful manner and to the best of his knowledge or the information available to him. Further, Calvert clearly indicated when he was unable to provide the requested information. However, Calvert is directed to provide more fulsome answers explaining why he cannot answer Interrogatory Nos. 1, 3, and 6 of Madden's Second Set of Interrogatories. *See* JPMorgan Chase Bank, N.A. v. Neovi, Inc., No. 2:06cv00095, 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006) ("Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required, is not allowed. If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information.") (internal citations and quotation marks omitted). Additionally, Calvert is directed to verify under oath his answers to Madden's first set of interrogatories (DN 23-1). *See* Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys., No. 14-CV-12972, 2016 WL 4662431, at *4 (E.D. Mich. Sept. 7, 2016). Accordingly, the Court will order Calvert to provide the appropriate verification with regard to his answers to Madden's first set of interrogatories.

Additionally, Madden wants Calvert to comply with the certification requirement in Paragraph 5 of the scheduling order. Calvert has now complied with the certification requirement in Paragraph 5 of the scheduling order (DN 42). Therefore, this issue is moot.

The Court has considered the parties' arguments regarding the imposition of sanctions under Fed. R. Civ. P. 37. There is no evidence indicating that Calvert's responses to discovery

have so impeded Madden's discovery efforts as to constitute a failure to comply with discovery within the meaning of Rule 37(d). *See* Jackson by Jackson v. Nissan Motor Corp. in USA, No. 88-6132, 1989 WL 128639, at *5 (6th Cir. Oct. 30, 1989); Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1363 (Fed. Cir. 1990) (document requests); Laukus v. Rio Brands, Inc., 292 F.R.D. 485, 502 (N.D. Ohio 2013); Bell v. Auto. Club of Mich., 80 F.R.D. 228, 232 (1978) appeal dismissed, 601 F.2d 587 (6th Cir.), cert. denied, 442 U.S. 918, 99 S.Ct. 2839, 61 L.Ed.2d 285 (1979). For this reason, the undersigned concludes that Madden is not entitled to sanctions under Rule 37(d).

## ORDER

**IT IS HEREBY ORDERED** that Madden's motions to compel discovery (DN 23, 28, 36, 43, 46) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that by **no later than September 22, 2017**, Calvert shall provide more fulsome answers explaining why he cannot answer Interrogatory Nos. 1, 3, and 6 of Madden's Second Set of Interrogatories and provide appropriate verification with regard to his answers to Madden's first set of interrogatories.

**IT IS FURTHER ORDERED** that Madden's motion to compel Calvert to comply with Paragraph 5 of the scheduling order (DN 40, 48) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Madden's motion for sanctions (DN 46) is **DENIED**.

Copies:  William Joseph Madden, *pro se*
  Counsel