UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-P147-GNS

WILLIAM JOSEPH MADDEN                                       PLAINTIFF

v.

TODD B. CALVERT                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Entry of Default (DN 14) and Defendant's Motion to Dismiss (DN 13). For the reasons set forth below, Plaintiff's Motion for Entry of Default is **DENIED**, and Defendant's Motion to Dismiss is **GRANTED**.

**I.**       **BACKGROUND**

Plaintiff William Joseph Madden ("Madden") brought this action against Defendant Todd B. Calvert ("Calvert"), asserting claims under 42 U.S.C. §§ 1983, 1985(2) and Kentucky tort law. (Compl. 5-6, DN 1).[1] Madden is a convicted prisoner, and Calvert is the Circuit Court Clerk for Allen County. (Compl. 5). Each claim arises out of criminal proceedings that the Commonwealth of Kentucky brought against Madden.

Essentially, the Commonwealth charged Madden with first disagree criminal mischief, and, on November 24, 2014, the prosecution held a preliminary hearing in the Allen District Court to address the merits of that charge. (Def.'s Mot. Dismiss Ex. A, DN 13-2). The Commonwealth videotaped the hearing, during which Madden allegedly made an incriminating statement in response to a question from the presiding judge. (Suppl. Compl. 4, DN 33).

---

[1] On January 25, 2017, this Court entered an order dismissing Plaintiff's claims under 42 U.S.C. § 1985(2), but allowing all other claims to proceed. (Mem. Op. & Order 6, DN 8).

1

Thereafter, the Commonwealth's case against Madden entered the discovery phase. Through discovery, Madden obtained copies of the videotape of his hearing in DVD format. (Pl.'s Suppl. Compl. 4). He viewed the video and noticed that it depicted him making the incriminating statement without any questioning from the presiding judge. (Suppl. Compl. 4). Subsequently, Madden's counsel asked Calvert to submit a certified a copy of the videotape. (Suppl. Compl. 4). Madden viewed the certified copy and found that, as with the DVD, it showed him making an unsolicited incriminating statement. (Suppl. Compl. 4).

Madden filed this action on September 12, 2016. In the Complaint, Madden claims that Calvert, as custodian of records in Allen County, altered the videotape to remove the presiding judge's question "with the intent that the falsified video be presented as evidence against" him. (Compl. 5-6). To support his position, he alleges that the certified copy of the videotape did not contain a date or time stamp and that Calvert acted outside the scope of his judicial function when he altered the video. (Compl. 5). He seeks relief under Section 1983 on the ground that Calvert's alleged misconduct deprived him of his Equal Protection and Due Process rights. (Compl. 5-6). Further, he asserts that Calvert committed: (1) official misconduct, (2) abuse of authority, (3) abuse of process, and (4) fraud, in violation of Kentucky law. (Compl. 6).

Presently, two motions are pending before the Court. In the first motion, filed on February 24, 2017, Calvert moves the Court to dismiss the Complaint asserting that: (1) the Court lacks subject matter jurisdiction over Madden's claims because the Complaint is devoid of factual allegations showing that Madden suffered an injury-in-fact; (2) Madden failed to state a claim for which he is entitled to relief, and (3) Calvert is immune from suit with respect to Madden's Section 1983 claims. (Def.'s Mot. Dismiss 3-12, DN 13). In response, Madden generally asserts that he has substantiated his claims. (Pl.'s Resp. Mot. Dismiss *passim*, DN 16).

In the second motion, Madden moves the Court to enter a default judgment against Calvert on the ground that Calvert failed to respond to the Complaint within the 21-day time period set forth in Fed. R. Civ. P. 12(a)(1)(A)(i). (Pl.'s Mot. Entry Default 1, DN 14). Calvert responds that he properly filed a responsive pleading within 21 days of service of process. (Def.'s Resp. Pl.'s Mot. Default J. 1, DN 17). The matters are ripe for decision.

## II. JURISDICTION

This Court has subject matter jurisdiction over Madden's Section 1983 claims under 28 U.S.C. § 1331. Additionally, this Court has subject matter jurisdiction over Madden's tort law claims pursuant to 28 U.S.C. § 1367.

## III. DISCUSSION

### A. Madden's Motion for Entry of Default

Madden moves the Court to enter default judgment against Calvert. Rule 12 of the Federal Rules of Civil Procedure states that a party against whom a judgment is sought must serve a responsive pleading "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). If the responding party fails to make a responsive pleading, "and that failure is shown by affidavit or otherwise," then Rule 55(a) of the Federal Rules of Civil Procedure directs the clerk to enter the party's default. Fed. R. Civ. P. 55(a). Here, Calvert received service of process on February 3, 2017 and filed a responsive pleading— i.e., the motion to dismiss—on February 24, 2017. Thus, Madden is mistaken in asserting that Calvert has defaulted and, thus, this Court will deny Madden's motion.

### B. Calvert's Motion to Dismiss

Calvert moves to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1), (6).

(Def.'s Mot. Dismiss 3-9). Alternatively, Calvert seeks to dismiss Madden's claims on the ground that he is immune from suit. (Def.'s Mot. Dismiss 9-12).

In reviewing a motion to dismiss, the Court "must accept as true all material [factual] allegations in the complaint" and "construe the complaint liberally in favor of" the non-moving party.[2] *White*, 601 F.3d at 551 (citations omitted). A court must then find that the complaint plausibly shows that Plaintiff has standing—i.e., that the court has subject matter jurisdiction over the plaintiff's claims—and that the plaintiff has stated a claim for which he or she is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *White*, 261 F.3d at 551-52 (applying *Iqbal*'s "plausibility" standard to the facts plaintiff pled to show standing). "Unless the facts as alleged show that the plaintiff's claim crosses 'the line from conceivable to plausible, [the] complaint must be dismissed.'" *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1. *Standing*

A court lacks subject matter jurisdiction over a claim when the plaintiff fails to establish that he has standing to bring that claim. *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). To survive a motion to dismiss for lack of subject matter jurisdiction, a complaint must allege facts sufficient to permit a reasonable inference that: (1) the plaintiff has suffered or imminently will suffer an injury; (2) the defendant caused the injury; and (3) a

---

[2] As the Sixth Circuit has explained, the Rule 12(b)(1) and the Rule 12(b)(6) "motions to dismiss on the pleadings (and the standards applicable to such motions) are often confused with each other." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). But when, as here, the motion to dismiss under Rule 12(b)(1) attacks the facial validity of the complaint during the pleading phase, the applicable standard of review is the same as the standard of review used for motions to dismiss brought under Rule 12(b)(6). *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010) (reasoning that plaintiff must submit facts sufficient to permit the reasonable inference that he has standing).

judicial decision in the plaintiff's favor would redress the injury.³ *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *White*, 601 F.3d at 551. "General factual allegations of injury may suffice to demonstrate standing," but "standing cannot be inferred . . . from averments in the pleadings"—the facts establishing standing must "affirmatively appear in the record." *Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998); *White*, 601 F.3d at 551 (citation omitted).

### a. Actual Injury

Madden has failed to establish that he suffered an actual injury as a result of Calvert's alleged act of altering the videotape because he does not claim that the Commonwealth actually used the videotape to deprive him of his liberties. Though the Sixth Circuit has recognized that a criminal defendant suffers an injury when the State fabricates evidence against him, it has only done so in cases where "there is a reasonable likelihood that the false evidence could have affected the judgment of the jury." *Mills v. Barnard*, No. 16-6597, 2017 WL 3687434, at *7 (6th Cir. Aug. 28, 2017) (internal quotation marks omitted) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997)). Other circuits have reached the same result. *See Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) ("[T]he manufacture of false evidence, in and of itself, . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right." (internal quotations omitted)); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (suggesting that, if a prosecutor fabricated evidence against an individual and "framed it and hung it on the wall, but took no other step," the individual would suffer no injury).

Madden has alleged only that Calvert altered the videotape of his preliminary hearing. (Suppl. Compl. 5). Construing this allegation liberally and in a light favorable to Madden, he has asserted that Calvert fabricated evidence against him. But Madden has failed to allege that

---

³ Calvert contends only that Madden has suffered no injury-in-fact as a result of his alleged misconduct. (Def.'s Motion Dismiss 8-9).

Calvert, or the Commonwealth, actually used the altered videotape to secure his conviction, initiate charges against him, or force him to accept a plea, much less facts indicating that the altered videotape "affected the judgment of the jury." *Stemler*, 126 F.3d at 872 (citation omitted). Thus, Madden has "alleged only the fabrication of evidence"—not that fabricated evidence was used to deprive him of his liberties or otherwise cause injury. Accordingly, Madden has failed to present sufficient factual matter demonstrating that he suffered an actual injury as a result of Calvert's alleged alteration of the videotape.

### b. Threatened Injury

Though Madden has failed to allege that Calvert's purported misconduct caused him to suffer an actual injury, he has alleged that Calvert altered the videotape "with the intent that the falsified video be presented as evidence against" him. (Compl. 5). This statement could be interpreted as a claim that Calvert has threatened or is currently threatening to use the altered videotape to injure Madden, and a threatened injury can be sufficient to constitute an injury-in-fact. *See White*, 601 F.3d at 553. Even so, this allegation is inadequate to demonstrate a threat of future injury, and, as such, does not establish standing.

To constitute an injury-in-fact, a threatened injury must be "certainly impending." *Id.* (citing *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 929 (6th Cir. 2002) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990))). In *White v. United States*, the Sixth Circuit explained that a threatened injury is not "certainly impending" if the injury is contingent on the occurrence of events, the incidence of which "veer[] 'into the area of speculation and conjecture.'" *White*, 601 F.3d at 553 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)).

Madden's threatened injury here is too speculative to satisfy the "certainly impending" standard set forth in *White*. He has alleged no facts related to the likelihood that the videotape will be used against him in the future. Additionally, given that Madden's criminal proceedings

6

have ended and he was tried and convicted without the Commonwealth's use of the videotape, the videotape will almost certainly never be used as evidence against him.

Even if Madden had established that the Commonwealth is certain to *use* the videotape against him, such use, standing alone, may not be sufficient to constitute an injury. Indeed, Madden's assertion that Calvert's act of altering the videotape constitutes a threatened injury assumes that the Commonwealth would not have been otherwise able to use the unaltered videotape against him. In order for that assumption to be correct, it would have to be true that the judge presiding over the preliminary hearing elicited Madden's statement in violation of his Fifth and Fourteenth Amendment rights to be free from compelled self-incrimination. U.S. Const. amend. V ("No person shall be . . . compelled in any criminal case to be a witness against himself . . . ."). This, in turn, would mean that the judge threatened or coerced Madden to force him to speak. *United States v. Washington,* 431 U.S. 181, 188 (1977); *Brady v. United States*, 397 U.S. 742, 750 (1970). Madden alleges only that the judge asked him a question about one of his charges and that he made an incriminating statement in response. (Suppl. Compl. 4). He has not alleged facts demonstrating that the judge forced him to make an incriminating statement.

In sum, Madden has not shown that he has or imminently will suffer an injury as a result of Defendant's conduct. Thus, this court lacks subject matter jurisdiction over Madden's claims.[4]

    **2.**     *Failure to State a Claim*

To survive a motion to dismiss for failure to state a claim, the Court must find that the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is

---

[4] The Supreme Court has held that, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, the Court will dismiss the Complaint. Nonetheless, the Court will review the Complaint under Rule 12(b)(6) as an alternative basis for dismissal.

7

plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id.* (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

At the outset, Madden has barely produced facts sufficient to render plausible his contention that the videotape was altered and has not articulated facts demonstrating that Calvert performed any such alterations. Madden alleges only that: (1) Calvert provided him with a certified copy of the videotape of his preliminary hearing; (2) the videotape depicted him making an incriminating statement without any prior questioning from the presiding judge; (3) the videotape did not contain a date and time stamp; and ;(4) Calvert is the Allen Circuit Court Clerk and custodian of records in Allen County. (Compl. 5; Suppl. Compl. 5).

Even assuming Calvert altered the videotape "with the intent that the falsified video be presented as evidence against" him, (Compl. 5), Madden has not alleged facts sufficient to permit the reasonable inference that he has been deprived of a constitutional right, or that Calvert committed any wrongful act. Thus, the Complaint fails to state a claim.

### a. Section 1983 Claims

Madden brings claims pursuant to 42 U.S.C. § 1983, alleging Calvert deprived him of constitutional rights when he allegedly altered the videotape.[5] Again, Madden has failed to sufficiently allege a deprivation of a Constitutional or federal right. Instead, Madden has only claimed that, "[b]y unlawfully altering the court record, [Calvert] violated [his] Fourteenth Amendment equal protection rights, substantive due process, and procedural due process." (Compl. 5-6). These conclusory allegations are devoid of any factual enhancement necessary to render the claims "plausible." *See Iqbal*, 556 U.S. at 678.

#### i. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. In *Washington v. Davis*, 426 U.S. 229 (1976), the Supreme Court explained that this clause only prohibits intentional discrimination. *Id.* at 239. Ordinarily, "[t]o establish intentional discrimination," a plaintiff must show that a "state official acted with the purpose of creating an adverse impact on an identifiable group . . . ." *Ryan v. City of Detroit*, 174 F. Supp. 3d 964, 971 (E.D. Mich. 2016), *aff'd sub nom.*, No. 16-1557, 2017 WL 2829521 (6th Cir. June 30, 2017). A plaintiff can establish that a defendant acted with a discriminatory purpose by alleging facts demonstrating that the official "selected . . . a course of action at least in part because of, not merely in spite of, its adverse effects upon" the group. *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (internal quotations omitted).

In his response to Calvert's motion to dismiss, Madden claims that, by altering the videotape, Calvert treated him differently than other criminal defendants and had no rational

---

[5] To establish a cause of action under Section 1983, a plaintiff must show: (1) that a person acting under color of state law (2) deprived him of a right secured by the Constitution or Federal laws. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

9

basis for doing so. (Pl.'s Resp. 4-5). But Madden does not allege that Calvert treated him differently "because of" the adverse effects such treatment would have on Madden.[6] The Complaint only mentions intentional discrimination once, alleging that Calvert acted "with the intent to deny [him] the equal protection of laws." (Compl. 5). This is a legal conclusion which is not entitled to a presumption of truth, and there is no factual elaboration to support this naked claim. *Iqbal*, 556 U.S. at 678. Accordingly, the Complaint is devoid of facts supporting his contention that Calvert acted with a discriminatory purpose, and, as such, the Court will dismiss Madden's equal protection claim. *Mitchell v. Allied Tube & Conduit Corp.*, No. 2:08-CV-0456, 2009 WL 414277, at *4 (S.D. Ohio Feb. 17, 2009) (dismissing claim because plaintiff failed to support an element of the claim).

### ii. Procedural Due Process

The Due Process Clause of the Fourteenth Amendment says that a State may not "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend XIV, § 1. The procedural component of the due process clause "is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property . . . ." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (internal quotation marks omitted) (citation omitted). "To establish a procedural due process claim, a plaintiff must show that (1) [he] had a life, liberty, or property interest protected by the Due Process Clause; (2) [he] was deprived of this protected interest; and (3) the state did not afford [him] adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th

---

[6] Though Madden fails to allege an affiliation with an "identifiable group," this failure is not fatal because the Supreme Court has recognized that an individual, representing a "class of one," may bring an equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the" different treatment, and the Complaint could be fairly construed as alleging a "class of one" equal protection claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

10

Cir. 2014) (citation omitted). "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005).

Madden has alleged that Calvert's alleged alteration of the videotape violated his right to procedural due process because the videotape: (1) "has been added as potential evidence against [him] in his criminal proceeding," (2) has "been certified as true and correct by the Defendant in this case," and (3) "is being used as a key piece of evidence to deprive [him] of his liberty." (Pl.'s Resp. 5-6). Construing the Complaint liberally, the Commonwealth has deprived Madden of his liberty, as he is currently in prison. But Madden has not shown that Calvert (or the Commonwealth) refused to afford him adequate procedural rights prior to his imprisonment. Additionally, as discussed above, Calvert's alleged alteration of the videotape is wholly unconnected to Madden's loss of liberty because the Commonwealth never used the allegedly altered videotape against him. Thus, the Court will dismiss Madden's procedural due process claim.

### iii. Substantive Due Process

The Fourteenth Amendment's Due Process Clause also contains a substantive component. "Substantive due process is '[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (internal quotation marks omitted) (quoting *Pearson v. City of Grand Blanc,* 961 F.2d 1211, 1216 (6th Cir. 1992)). "It protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Id.* (citation omitted). To establish a

claim for a deprivation of substantive due process, a plaintiff must allege that the State, through "arbitrary and capricious" action, deprived him of a constitutionally protected interest or fundamental right. *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011).

Madden asserts that Calvert's conduct deprived him of his fundamental right to "true and accurate" recordings of his court proceedings. (Pl.'s Resp. 7). Unfortunately for Madden, no such constitutional right exists. In *Binienda v. Scutt*, No. 09-13233, 2012 WL 3109430 (E.D. Mich. July 31, 2012), a sister court rejected a habeas petitioner's claim that he was deprived of his right to appeal because of various inaccuracies in the trial transcript. *See id.* at *16. The court deemed the claim meritless because "[a] criminal defendant 'does not have a constitutional right to a totally accurate transcript of his criminal trial.'" *Id.* (quoting *Carpenter v. Vaughn*, 296 F.3d 138, 155 (3d Cir. 2002)). Further, the court stated that a criminal "defendant's constitutional rights are violated only if missing parts of the state record adversely affect the outcome of the criminal proceedings . . . ." *Id.* (citing *Scott v. Elo*, 302 F.3d 598, 604-605 (6th Cir. 2002)). The Commonwealth never used the video during the proceedings, and, therefore, its "missing parts"—if any—did not adversely affect the outcome of Madden's case. Thus, the Court will dismiss Madden's substantive due process claim.

### b. State Law Claims

#### i. Official Misconduct and Abuse of Authority

Madden's claims for official misconduct and abuse of authority must be dismissed because Kentucky does not recognize these torts. While the Kentucky Penal Code lists "official misconduct in the first degree" as a criminal offense, KRS 522.020,[7] neither the Kentucky

---

[7] KRS 522.030 provides:

Revised Statutes nor Kentucky case law recognize a corresponding tort law claim for "official misconduct." Additionally, abuse of authority—as separate from abuse of process—is not a recognized tort claim under Kentucky law.

### ii. Abuse of Process

Abuse of process "is defined as the employment of legal process for some purpose other than that which it was intended by law to effect." H. Brent Brennenstuhl, et al., *Kentucky Law of Torts* 296 (The Harrison Co. 2d ed. 2001) (citing *Simpson v. Laytart*, 962 S.W.2d 392 (Ky. 1998)). "The essential elements of an action for abuse of process are (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Simpson*, 962 S.W.2d at 394 (citations omitted). "Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion even though with bad intentions." *Id.* at 394-95 (citation omitted).

The Kentucky Court of Appeals provided an example of abuse of process in *Mullins v. Richards*, 705 S.W.2d 951 (Ky. App. 1986). There, defendants brought their automobile to plaintiff for repairs. *Id.* at 951. Upon returning to plaintiff's repair shop to pick up their automobiles, defendants "contested the quality and cost of [the plaintiff's] work." *Id.* One defendant refused to pay his repair bill, so plaintiff retained possession of that defendant's

---

    (1) A public servant is guilty of official misconduct in the second degree when he knowingly:
        (a)    Commits an act relating to his office which constitutes an unauthorized exercise of his official functions; or
        (b)    Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; or
        (c)    Violates any statute or lawfully adopted rule or regulation relating to his office.
    (2) Official misconduct in the second degree is a Class B misdemeanor.

automobile. *Id.* at 952. Defendants then testified before a grand jury, seeking to indict plaintiff for theft by deception. *Id.* The grand jury indicted plaintiff, and the trial court later declared a mistrial. *Id.* Plaintiff then filed suit against the defendants for abuse of process. *Id.* The trial court dismissed plaintiff's abuse of process claim and the appellate court affirmed the dismissal because "the record contain[ed] no evidence that [defendants] attempted to use the indictments against [plaintiff] outside the criminal proceeding." *Id.* The appellate court further noted that if defendants "had offered to drop the indictments in return for a release of their debts to [the plaintiff], then [the plaintiff] would have stated a" claim for abuse of process. *Id.*

Madden's abuse of process claim is implausible. At the outset, the Commonwealth, not Calvert, initiated proceedings against him. Assuming the Commonwealth's commencement of proceedings could be imputed to Calvert, Madden's claim still fails because he has not alleged facts establishing that Calvert "attempted to use" the proceeding "against [Madden] outside the proceeding." *See id.* Instead, Calvert (or the Commonwealth) carried out criminal charges against Madden based on his criminal conduct, which is not an abuse of process. *See Simpson*, 962 S.W.2d at 394-95. The Court will dismiss Madden's abuse of process claim.

### iii. Fraud

"In a Kentucky action for fraud, the party claiming harm must establish" that the defendant made a: (1) false, (2) material representation, (3) recklessly or with knowledge of its falsity, (4) so as to induce the plaintiff to act; additionally, the plaintiff must show that he (5) relied on the defendant's misrepresentation and (6) thereby suffered an injury. *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citation omitted).

Madden's fraud claim is implausible. He alleges that by providing Madden a "certified video" of his preliminary hearing, Calvert represented to him that the altered videotape was unedited. (Suppl. Compl. 5). Assuming this is true and that Calvert made this representation

14

knowingly or recklessly, Madden's claim still fails because he has not alleged facts demonstrating that he relied on the altered videotape and suffered an injury as a result of the tape which was not used as evidence. Because Madden failed to produce facts regarding two essential elements of fraud, the Court will dismiss his fraud claim.[8]

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Entry of Default (DN 14) is **DENIED**.

2. Defendant's Motion to Dismiss (DN 13) is **GRANTED**.

3. Plaintiff's Motion to Compel (DN 65) and Plaintiff's Motion for Injunction (DN 66) are **DENIED AS MOOT**.

4. The Clerk shall strike this case from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
September 29, 2017

cc: counsel of record

---

[8] Because the Court lacks subject matter jurisdiction over Madden's claims, or, alternatively, the Complaint fails to state a claim on which relief can be granted, the Court will not address Calvert's arguments that he is entitled to absolute or qualified immunity.